ORIGINAL



Michael Zachary (SBN 112479)
mzachary@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone:    (650) 351-7248
Facsimile:    (650) 351-7253

Attorneys for Defendant
*IAC/INTERACTIVECORP, MATCH
GROUP, INC., MATCH GROUP, LLC AND
VIMEO, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV 20 80028 MISC AGT

BRITISH TELECOMMUNICATIONS PLC,

      Plaintiff,

      v.

IAC/INTERACTIVECORP, MATCH
GROUP, INC., MATCH GROUP, LLC AND
VIMEO, INC.,

      Defendant.

CASE NO.

**EXHIBITS E and F to DECLARATION
OF MICHAEL ZACHARY IN
SUPPORT OF
IAC/INTERACTIVECORP, MATCH
GROUP, INC., AND MATCH GROUP,
LLC'S MOTION TO COMPEL NON-
PARTY FACEBOOK INC. TO
COMPLY WITH SUBPOENA**

**Date:**
**Time:**
**Ctrm:**

**PUBLIC DOCUMENT**

Revised

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| British Telecommunications PLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  18-cv-0366-WCB |
| IAC/InterActiveCorp, Match Group, Inc., Match Group, LLC, and Vimeo, Inc. | ) | |
| *Defendants* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

To:                                            Facebook, Inc.
                             1601 Willow Road, Menlo Park, California 94025
                          *(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Baker & Hostetler LLP<br>1160 Battery Street East, Suite 100<br>San Francisco, CA 94111 | Date and Time: | November 20, 2019, 10 AM PT |
|---|---|---|---|

The deposition will be recorded by this method:  Stenographically and video.

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Baker & Hostetler LLP<br>1160 Battery Street East, Suite 100<br>San Francisco, CA 94111 | Date and Time: | October 28, 2019, 5 PM PT<br>November 6, 2019 5 PM PT |
|---|---|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/11/2019
           10-22-2019    *CLERK OF COURT*

| | OR | /s/ Fred Grasso |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
IAC/InterActiveCorp, Match Group, Inc, and Match Group, LLC           , who issues or requests this subpoena, are:
Fred, Grasso, Grasso, PLLC, 1818 Library Street, Suite 500, fgrasso@grassoip.com (571) 222 6522

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action Nos.    18-cv-0366-WCB

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐    I served the subpoena by delivering a copy to the named individual as follows: _____

_____    on *(date)* _____ ; or

☐    I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____    for travel and $ _____    for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                                                              *Server's signature*

                                        _____
                                                              *Printed name and title*

                                        _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

British Telecommunications PLC,

Plaintiff,

v.

IAC/InterActiveCorp, Match Group, Inc.,
Match Group, LLC, and Vimeo, Inc.,

Defendants.

C.A. No.: 18-366-WCB

## ATTACHMENTS TO THE SUBPOENA TO FACEBOOK, INC.

*Of Counsel:*

Robert L. Hails (rhails@bakerlaw.com)
T. Cy Walker (cwalker@bakerlaw.com)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5403

Fred Grasso (fgrasso@grassoip.com)
GRASSO, PLLC
1818 Library Street, Suite 500
Reston, VA  20190

Jack B. Blumenfeld (#1014)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel.:   (302) 658-9200
Email: jblumenfeld@mnat.com

*Counsel for IAC/InterActiveCorp, Match
Group, Inc., Match Group, LLC, and
Vimeo, Inc.*

## ATTACHMENT A

### DEFINITIONS

1.      "Facebook," "you," or "your" means Facebook, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it is a party, and each of its employees, agents, officers, directors, and representatives, including any person who served in any of these capacities during any relevant time period.

2.      "BT" means British Telecommunications PLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it is a party, and each of its employees, agents, officers, directors, and representatives, including any person who served in any of these capacities during any relevant time period.

3.      "Document" is synonymous in meaning and equal in scope to its usage in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. The term "document" refers to any document now or at any time your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

4.      "ESI" refers to electronically stored information and is synonymous in meaning and equal in scope to its usage in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.  The term "ESI" includes both active and residual ESI kept in the ordinary course of business.  Residual ESI includes, but is not limited to, deleted files, overwritten files, file fragments, or other data found in ambient space on electronic storage media. Active ESI includes, but is not limited to, information readily available and accessible to computer users through existing file management programs.

1

5.      "Person" means any natural person or any legal entity, including, any business or governmental entity, organization, or association.

6.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses and documents that might otherwise be construed to be outside its scope.

7.      The use of the singular form of any word shall include the plural, and vice versa, as necessary to bring within the scope of the discovery request all responses and documents that might otherwise be construed to be outside its scope.

8.      The term "including" shall mean including, but not limited to.

## INSTRUCTIONS

1.      The Production Requests (Attachment B) and Deposition Topics (Attachment C) are intended to be narrow and impose minimal burden on you. If you have questions regarding the requests or how to comply with them, please call Cassandra Simmons of Baker Hostetler (202-861-1633).

2.      The subpoena covers all documents and ESI in your possession, custody, or control.

3.      All responsive documents and ESI should be produced as kept in the usual course of business with any identifying folders, labels, file markings, or similar identifying features.

4.      Responsive documents and ESI should be produced as native files or as text searchable image files (e.g., PDF or TIFF) or in native format with metadata preserved.

5.      If you consider any responsive documents or ESI to contain confidential business information that you would like protected against public disclosure, you should mark and produce such documents or ESI as set forth in the governing Protective Order (Attachment D).

2

6.      If there are no responsive documents or ESI in response to a Production Request, you should state so in writing.

7.      If you object to any Production Request, you should produce all documents and ESI responsive to the non-objectionable portion of the Production Request.

8.      If you withhold any responsive documents or ESI based on an objection, you should state so in writing and give a general description of the documents or ESI being withheld.

9.      If you withhold any document or ESI pursuant to a claim of privilege, you should state the basis for the assertion of privilege in accordance with Federal Rule of Civil Procedure 26.

10.     If only a portion of a document or electronic file is responsive to a Production Request, you still should produce the document or electronic file in its entirety.

11.     If any document or ESI responsive to the Production Requests was but is no longer in your possession, custody, or control, you should identify the last known custodian(s) of such documents or ESI and the person(s) who made the decision to transfer or dispose of the document.

12.     You shall designate one or more officers, directors, or representatives to testify on your behalf regarding the Deposition Topics in Attachment C.  The persons so designated must testify about information known or reasonably available to you, in accordance with Federal Rule of Civil Procedure 30(b)(6).

3

## ATTACHMENT B

## PRODUCTION REQUESTS

**REQUEST NO. 1.**    All non-privileged documents and ESI relating to any discussions, communications, or agreements you have had with BT over the past 8 years regarding actual or potential licensing or enforcement of any patent or patents owned by BT.

**REQUEST NO. 2.**    All non-privileged documents and ESI relating to any statements, summaries, assessments, analyses, reports, or opinions regarding the value of any patent or patents owned by BT, the value to you of a license to BT's patent(s), the amount of a royalty you would reasonably pay for use of BT's patent(s), your potential infringement of BT's patent(s), and/or the invalidity and/or unenforceability of BT's patents(s).

1

## ATTACHMENT C

## DEPOSITION TOPICS

**TOPIC NO. 1.**      Your discussions, communications, and agreements with BT over the past 8 years regarding actual or potential licensing or enforcement of any patent or patents owned by BT and the related documents and ESI produced in response to Production Request No. 1.

**TOPIC NO. 2.**      Statements, summaries, assessments, analyses, reports, and opinions in your possession regarding the value of any patent or patents owned by BT, the value to you of a license to BT's patent(s), the amount of a royalty you would reasonably pay for use of BT's patent(s), your potential infringement of BT's patent(s), and/or the invalidity and/or unenforceability of BT's patent(s), and the related documents and ESI produced in response to Production Request No. 2.

**TOPIC NO. 3.**      Authentication of the documents and ESI produced in response to Production Request Nos. 1 and 2.

1

# ATTACHMENT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 18-366-WCB |
| IAC/INTERACTIVECORP, | ) | |
| MATCH GROUP, INC., | ) | |
| MATCH GROUP, LLC, and | ) | |
| VIMEO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### PROTECTIVE ORDER

This Protective Order reflects the Proposed Protective Order submitted by the parties, Dkt. No. 84, with changes made by the Court to Section 7.3(f) to reflect the parties' positions set forth in Dkt. Nos. 77 and 79.

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

## 2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designated House Counsel: House Counsel who seek access to "CONFIDENTIAL" information in this matter.

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.8 "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2

2.9     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –
SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or
Items" representing "Source Code," (defined below), disclosure of which to another Party or
Non-Party would create a substantial risk of serious harm that could not be avoided by less
restrictive means.

2.10     House Counsel:  attorneys who are employees of either the BT corporate
organization or the IAC corporate organization.  House Counsel does not include Outside
Counsel of Record or any other outside counsel.

2.11     Non-Party:  any natural person, partnership, corporation, association, or other
legal entity not named as a Party to this action.

2.12     Outside Counsel of Record:  attorneys who are not employees of a Party to this
action but are retained to represent or advise a Party to this action and have appeared in this
action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of
that Party.

2.13     Party:  any party to this action, including all of its officers, directors, employees,
consultants, retained experts, House Counsel and Outside Counsel of Record (and their support
staffs).

2.14     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery
Material in this action.

2.15     Professional Vendors: persons or entities other than employees of a Party to this
action that provide litigation support services (e.g., photocopying, videotaping, translating,
preparing exhibits or demonstrations, and reviewing, categorizing, organizing, storing, or
retrieving data in any form or medium) and their employees and subcontractors.

3

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    Source Code:  computer instructions and data definitions expressed in a form suitable for input to an assembler or compiler, along with associated comments found within the source code files.

## 3.    SCOPE

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4

4.    **DURATION**

4.1    Even after final disposition of this litigation, the confidentiality obligations

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials,

or reviews of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating

Party's attention that information or items that it designated for protection do not qualify for

protection at all or do not qualify for the level of protection initially asserted, that Designating

Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

(see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

designated before the material is disclosed or produced.  Designation in conformity with this

Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY – SOURCE CODE" to each page of a document or portion of a document that

contains Protected Material.

      A Party or Non-Party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY," or if the material is Source Code, "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  After the

inspecting Party has identified the documents it wants copied and produced, the Producing Party

must determine which documents, or portions thereof, qualify for protection under this Order.

Then, before producing the specified documents, the Producing Party must affix the appropriate

legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

SOURCE CODE") to each page of a document or portion of a document that contains Protected

Material.

      (b)     for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, or within 21 days thereafter in a written notice to the other Party, all protected

testimony and specify the level of protection being asserted.  Only those portions of the

testimony that are appropriately designated for protection within the 21 days thereafter shall be

covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party

may specify, at the deposition, hearing or other proceeding, or up to 21 days afterwards in

writing, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

During a deposition, when counsel deems that the answer to a question may result in the

disclosure of Protected Material of that counsel's client, counsel may request that any persons

present who are not authorized pursuant to Section 7 leave the deposition during the confidential

portion of the deposition.  The use of a document as an exhibit at a deposition shall not in any

way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material

and the level of protection being asserted by the Designating Party.  The Designating Party shall

inform the court reporter of these requirements.  Any transcript that is prepared before the

expiration of the 21-day period for designation shall be treated during that period as if it had

been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its

entirety unless otherwise agreed.  After the expiration of that 21-day period, the transcript shall

be treated only as actually designated.

(c)      for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If at the time of such correction, the Receiving Party has already disclosed the Protected Material in a manner inconsistent with the corrected designation, the Receiving Party shall comply with the procedures set forth at Section 12.1.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial and unnecessary unfairness, economic burdens, or disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In

8

conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in

a timely manner.

6.3     Judicial Intervention.  If after meeting and conferring as required by Section 6.2,

the Parties cannot resolve a challenge without court intervention, the Challenging Party may file

a motion challenging a confidentiality designation if there is good cause for doing so.  The

burden of persuasion in any such challenge proceeding shall be on the Designating Party.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a Non-Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

disclosed only to the categories of persons and under the conditions described in this Order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of

Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have been identified to the Disclosing Party, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the Court and its personnel, pursuant to Section 14.4;

(e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and any employee of the Producing Party.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items: Unless otherwise ordered by the Court or permitted in

writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

(a)        the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)        Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c)        the Court and its personnel, pursuant to Section 14.4;

(d)        court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)        the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and any employee of the Producing Party; and

(f)        One in-house attorney-employee, Mr. Neil Hobbs, who is not involved in either business decision making and/or prosecution and whose responsibilities include management and oversight of the conduct and/or any settlement of this litigation.  If BT decides to provide to Mr. Hobbs any information that Defendants have marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," BT will first notify Defendants of such action, and Mr. Hobbs will thereafter be barred, going forward, from participating in any way with any consideration of

any additional BT patents for assertion against these Defendants.  No information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" will be disclosed to Mr. Hobbs.

      7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to Experts.

      (a)      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to Section 7.3(c) first must (1) provide the Designating Party with the "Acknowledgment and Agreement to Be Bound" (Exhibit A) executed by the Expert and (2) make a written request to the Designating Party that (a) sets forth the full name of the Expert and the city and state of his or her primary residence, (b) attaches a copy of the Expert's current resume, (c) identifies the Expert's current employer(s), (d) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (e) identifies (by name and number of the case, filing date, and location of court to the extent known) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding  four years.

      (b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the Expert unless,

within 7 days of delivering the request, the Party receives a written objection from the

Designating Party. Any such objection must set forth in detail the grounds on which it is based.

      (c)      A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within seven days of the written objection.  If no agreement is reached, the Party

seeking to make the disclosure to the Expert may file a motion within five business days of the

end of the meet and confer period requesting that the Court allow the Receiving Party's Expert

access to the Protected Material pursuant to the terms herein.

**8.**      **PROSECUTION BAR**

      8.1      To the extent Protected Material includes highly sensitive technical information

relating to the design or functionality of a Party's current or future products or services that a

Party reasonably believes should be subject to the Prosecution Bar, the producing Party may

designate such Protected Material as "SUBJECT TO PROSECUTION BAR," in addition to the

confidentiality designation.  For Protected Material designated "SUBJECT TO PROSECUTION

BAR," the following additional restrictions apply unless the producing and receiving Parties

agree otherwise in writing.  Any attorneys, whether Outside Counsel of Record or House

Counsel, and any persons associated with a Party who receives, obtains, or becomes informed

about, in whole or in part, the substance of another Party's Protected Material that is designated

as "SUBJECT TO PROSECUTION BAR" pursuant to this Order shall not prepare, prosecute,

supervise, or assist in the preparation or prosecution of any patents or patent applications relating

to the transmission or receipt of data over a computer network, including without limitation the

patents asserted in this action and any patent or application claiming priority to or otherwise

related to the patents asserted in this action, before any foreign or domestic agency, including the

United States Patent and Trademark Office ("the Patent Office").  For purposes of this

13

paragraph, "prosecution" includes involvement in or advising regarding drafting or amending patent claims.

To avoid any doubt, "prosecution" as used in this paragraph does not include such individual representing a party either challenging or defending a patent before a domestic or foreign agency, including but not limited to reissue, reexamination, *inter partes* review, or other post grant administrative proceedings, but this provision would preclude such individual from advising directly or indirectly on any amendments to the claims of the patent being challenged in such proceedings.

8.2     This Prosecution Bar shall begin when access to another Party's Protected Material marked "SUBJECT TO PROSECUTION BAR" is first received by the affected individual and shall end two years after final termination of this action, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Protected Materials marked "SUBJECT TO PROSECUTION BAR" and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application relating to the transmission or receipt of data over a computer network.

8.3     Any Party or Non-Party may challenge a designation of Protected Material as "SUBJECT TO PROSECUTION BAR" using the procedures in Section 6.

9.     **SOURCE CODE**

9.1     Source Code may be designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and shall be subject to all protections applicable to materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," including the Prosecution Bar set forth in Paragraph 8 and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

14

ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, in addition to the following protections:

(a)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's outside counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room in the same format as maintained in the normal course of business.  Neither the secured computer nor the secured room shall have Internet access or network access to other computers.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The only electronic devices other than the secured computer permitted in the secured room will be a laptop computer to take notes and develop work product provided that it is not used to copy, reproduce, or transmit any source code or portion of the source code and it is not used to connect to any network while in the secure room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code;

(b)     Access to the standalone computer shall be permitted, after notice to the Producing Party and an opportunity to object, to Outside Counsel of Record representing the Receiving Party and no more than three (3) Experts retained by the Receiving Party, provided the Experts having been approved under Section 7.4 of this Protective Order.  The persons who will review Source Code on behalf of a Receiving Party shall be named in writing to the Producing Party at least seven days in advance of the first time that such person reviews such Source Code, and the Producing Party may object in writing within three business days of such notice.  The

15

parties shall thereafter meet and confer within three business days of any objection by the

Producing Party to attempt to resolve the objection.  If the Parties cannot resolve the objection

without court intervention, the Receiving Party may file a motion within five business days of

the end of the meet and confer period requesting that the Court allow the Receiving Party's

proposed Source Code reviewer access to the Producing Party's Source Code pursuant to the

terms herein;

      (c)     The Receiving Party may request that additional software tools be installed on the

standalone computer to assist the Receiving Party's review of the Source Code.  The Receiving

Party is responsible providing the additional software tools to the Producing Party and for any

license fees associated with such additional software tools.  If the Parties are unable to agree on

the additional requested software tools, they may seek an Order from the Court after making a

good faith effort to resolve their dispute;

      (d)     The Receiving Party shall be allowed to request up to 50 pages of hard copy (non-

electronic) portions of source code, per patent, that it, in good faith, considers necessary to the

preparation of its case.  A Receiving Party may not request more than 10 consecutive pages of

source code absent express permission of the Producing Party or an order from the Court.  A

"page" for purposes of this limitation will be defined as an 8.5" x 11" sheet of paper with 12

point Times Roman font.  The Producing Party shall provide all such Source Code in paper form

including bates numbers and the label "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE" to the Receiving Party within five business

days of the Receiving Party's request;

      (e)     All access to the Source Code computer shall be maintained on a Source Code

Access Log identifying, for each and every time any Source Code is viewed, accessed or

analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) a copy of any hard (non-electronic) copies of any portion of the code that were produced;

      (f)     No electronic copies of Source Code shall be made without the agreement of the Producing Party or further order of the Court. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secure area. No additional hard (non-electronic) copies of Source Code or portions of Source Code shall be made without the agreement of the Producing Party. Notwithstanding the foregoing, nothing in this sub-Paragraph shall prevent a Party from making such additional hard or electronic copies of Source Code as are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (3) necessary for deposition. Such papers shall be subject to the requirements of Section 14.4 herein, and all other protections applicable to materials designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE;

      (g)     Within 60 days of final termination of the suit as to the Producing Party, the Receiving Party shall return all hard (non-electronic) copies of Source Code and certify through counsel with personal knowledge that all electronic copies have been deleted and/or destroyed.

## 10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

      10.1    <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

10.2    Specifically, if a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18

**11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)    make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

19

determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the
burden and expense of seeking protection in this Court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12.1    If a Receiving Party learns that, by inadvertence or otherwise (including due to an
incorrect designation pursuant to Section 5.3), it has disclosed Protected Material to any person
or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party
must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)
use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the
person or persons to whom unauthorized disclosures were made of all the terms of this Order,
and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be
Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL**

13.1    When a Producing Party gives notice to Receiving Parties that certain
inadvertently produced material is subject to a claim of privilege or other protection, the
obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure
26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in
an e-discovery order that provides for production without prior privilege review.  Pursuant to
Federal Rule of Evidence 502, insofar as the parties reach an agreement on the effect of
disclosure of a communication or information covered by the attorney-client privilege or work
product protection, the parties may incorporate their agreement in the stipulated protective order
submitted to the Court.  If the parties are unable to reach agreement on resolving a dispute as to
inadvertently produced material under the provision, the parties shall then follow the procedures
of Sec. 12.1 above.

**14.    MISCELLANEOUS**

14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

**15.    FINAL DISPOSITION**

15.1    Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

21

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject

to this Protective Order as set forth in Section 4 (DURATION).


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  March 22, 2019

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ Philip A. Rovner*

Daniel A. Boehnen                        Philip A. Rovner (#3215)
Grantland G. Drutchas                    Jonathan A. Choa (#5319)
Jeffrey P. Armstrong                     Hercules Plaza
MCDONNELL BOEHNEN                        P.O. Box 951
HULBERT & BERGHOFF LLP                   Wilmington, DE 19899
300 South Wacker Drive                   (302) 984-6000
Chicago, IL 60606                        provner@potteranderson.com
(312) 913-0001                           jchoa@potteranderson.com

*Attorneys for Plaintiff*
*British Telecommunications plc*

22

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Robert L. Hails
T. Cy Walker
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403
(202) 861-1500

Leslie M. Grossberg
Scott S. Simpkins
BAKER & HOSTETLER LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
(215) 568-3100

Mark S. Einsiedel
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
(614) 462-4709

By: */s/ Jack B. Blumenfeld*
    Jack B. Blumenfeld (#1014)
    1201 North Market Street
    P.O. Box 1347
    Wilmington, DE 19899
    (302) 658-9200
    jblumenfeld@mnat.com

*Attorneys for Defendants*
*IAC/InterActiveCorp, Match Group, Inc.,*
*Match Group, LLC and Vimeo, Inc.*

IT IS SO ORDERED.

SIGNED THIS 25th day of March, 2019.



WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

23

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the District of

Delaware on _____ [date] in the case of BRITISH TELECOMMUNICATIONS, PLC v.

IAC/INTERACTIVE CORP, et al., Case No. 18-366-WCB.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of

Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

Delaware agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                     [signature]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BRITISH TELECOMMUNICATIONS PLC,    )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )  C.A. No.: 18-cv-0366-WCB
                                    )
IAC/INTERACTIVECORP, MATCH          )
GROUP, INC., MATCH GROUP, LLC, and  )
VIMEO, INC.,                        )
                                    )
                    Defendants.     )
                                    )

**FACEBOOK, INC.'S RESPONSE TO IAC/INTERACTIVECORP, MATCH GROUP, INC., MATCH GROUP, LLC'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

David Silbert
Jay Rapaport
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400
dsilbert@keker.com
jrapaport@keker.com

Dated: November 5, 2019

Pursuant to Federal Rules of Civil Procedure 34 and 45, Third Party Facebook, Inc.

("Facebook") hereby objects and responds to the Subpoena to Testify at a Deposition in a Civil

Action and to Produce Documents, Information, or Objects (the "Subpoena") issued by

Defendants IAC/InterActiveCorp, Match Group, Inc, and Match Group, LLC ("Defendants") in

the above-stated action and served on Facebook's counsel on October 22, 2019.

## PRELIMINARY RESPONSE

The responses and objections herein are not to be construed as a waiver of any right or

objection, or as an admission of the discoverability, relevance, materiality, accuracy, veracity, or

admissibility of any information or document. Facebook's responses and objections are based

only upon such information and such documents that are presently available to and specifically

known to Facebook through reasonable efforts as of the date hereof. Facebook expressly

reserves the right to object to further discovery or to any discovery proceeding involving or

relating to any subject matter or request. Facebook reserves the right to supplement, amend, or

modify these objections and responses.

## GENERAL OBJECTIONS

1.      Facebook objects to each request and topic in the Subpoena to the extent it seeks

documents or information that are already in Defendants' possession, such as those documents

that have already been produced in this litigation; that are equally available to Defendants; or

that could be derived, ascertained, or otherwise obtained by Defendants from any party to the

case or any other non-party sources which are less burdensome or less expensive. It is a matter

of well-settled law that a party should first obtain discovery from its opponent before burdening

a non-party. *See, e.g., Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993)

(holding that a district court can properly require a party to seek discovery from its party

1

opponent before burdening a non-party with a subpoena); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Medical Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 n.9 (M.D.N.C. 2002) ("The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs.").

2.      Facebook objects to each request and topic in the Subpoena to the extent it seeks confidential, proprietary, or trade secret information, or to the extent it seeks documents or information for any use other than litigating the parties' current claims and defenses.  Facebook will produce information, if any, only pursuant to a protective order that protects such information's confidentiality and limits its use to claims and defenses between the parties to this action.  *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."); *Pac. Century Int'l, Ltd. v. Does 1–37*, 282 F.R.D. 189, 195 (N.D. Ill. 2012) (discovery properly denied when it was "plain that the plaintiffs are not seeking information . . . for the purpose of litigating their current claims").

3.      Facebook objects to the November 6, 2019 production date and November 20, 2019 deposition date set forth in the Subpoena because those dates fail to provide reasonable and sufficient time for Facebook to search for, collect, process, and produce the documents and information responsive to the requests and topics (to the extent any document request or deposition topic is not otherwise objectionable).

2

4.     Facebook objects to each request and topic in the Subpoena to the extent it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable law or order from this Court, or agreement among the parties to this litigation. Facebook will not comply with any attempt to impose obligations exceeding those imposed by the above authorities.

5.     Facebook's objections to the requests and topics in the Subpoena do not mean that non-privileged, responsive documents or information exist or are in its possession, custody, or control. Further, an agreement by Facebook to search for and produce non-privileged, responsive documents or information does not mean that such documents or information exist. Such a response means that Facebook will produce responsive documents or information that it can locate with reasonable diligence commensurate with its non-party status and that are not otherwise protected from disclosure.

6.     Facebook objects to each request and topic in the Subpoena to the extent that it is overbroad, unduly burdensome, and oppressive such that responding to it would require Facebook to search sources that are not reasonably accessible due to undue burden or expense and undergo a voluminous, time-consuming, and costly production or search for information. Likewise, Facebook objects to each request and topic as unduly burdensome to the extent that compliance with the request would require collection or restoration of documents or data not retained in the ordinary course of business.

7.     Facebook objects to each request and topic in the Subpoena to the extent it seeks documents or information protected by third parties' privacy rights, including information that is confidential, proprietary, or otherwise protected from discovery pursuant to the privacy rights guaranteed by the federal and state constitutions. Facebook will produce such documents or

3

information only after complying with its obligations to protect those third-party privacy rights. Any inadvertent disclosure of such documents or information shall not constitute a waiver of any applicable protection from disclosure.

8.      Facebook objects to each request and topic in the Subpoena to the extent it seeks documents or information subject to confidentiality or non-disclosure agreements.  Facebook will produce such documents or information only to the extent it is permitted to do so under its agreements with such entities, and otherwise only after those entities receive appropriate notice and are provided with a reasonable opportunity to raise objections, and any such objections are resolved by the Court.

9.      Facebook objects to each request and topic in the Subpoena to the extent it seeks documents or information that are entirely outside the scope of Facebook's business or otherwise outside of Facebook's possession, custody, or control, or refers to persons, entities, or events not currently known to Facebook, on the grounds that any such request requires more from Facebook than any obligation imposed by law or rule.

10.      Facebook objects to each request and topic in the Subpoena to the extent it seeks the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.  Facebook will not produce any such privileged documents or information.  Any inadvertent disclosure of such documents or information shall not constitute a waiver of any applicable protection from disclosure.  To the extent Facebook discovers additional, responsive documents or information that are privileged, Facebook reserves the right to amend its responses to add a specific privilege objection.

4

11.     Facebook objects to every request and topic in the Subpoena to the extent it purports to require Facebook to draw legal conclusions.  Facebook's responses and production of information shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or phrases used in the Subpoena.

12.     Facebook objects to each request and topic in the Subpoena to the extent that it seeks documents or information that are not relevant and that are not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks discovery that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery weighed against its likely benefit.

13.     In responding to this Subpoena, Facebook makes no representations or concessions regarding—and provides the responses below expressly subject to, and without waiving, any objections concerning—the competency, confidentiality, admissibility, relevance, or materiality of any information produced.  Facebook reserves the right to object to further discovery or to any discovery proceeding involving or relating to any subject matter or request.

14.     Facebook objects to each request and topic in the Subpoena to the extent it seeks documents or information not specifically limited to a relevant and reasonable time period on the grounds that this renders them vague, ambiguous, overbroad, and unduly burdensome.  Such documents and/or information beyond the relevant time period are neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

5

1354442

15.     Facebook objects to each request and topic in the Subpoena to the extent that it otherwise violates the requirements of the Federal Rules of Civil Procedure.

16.     Facebook reserves the right to object, on grounds of excessive burden, to any additional requests of this kind, or to any requests for supplementation.  Facebook also reserves the right to seek reimbursement from Defendants for reasonable costs incurred in responding to this Subpoena, including under Rule 26 of the Federal Rules of Civil Procedure.

17.     Facebook reserves the right to amend, supplement, or correct these responses or to make further objections which may become apparent in the future.

18.     Facebook incorporates each of these general objections into the following objections and responses as though they are fully set forth therein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Facebook incorporates its General Objections as if fully set forth here.

2.      Facebook objects to Defendants' definitions, set forth in the section entitled "DEFINITIONS" to the extent they purport to give meaning and/or legal significance to a document, event, fact, or purported fact whose meaning and/or significance is subject to dispute between the parties, and to the extent they attribute any special or unusual meaning to any term or phrase.  Any response by Facebook shall not constitute an admission or concession to any definitions, terms, and phrases included in the Subpoena or to any legal positions taken in this litigation.

3.      Facebook objects to the definition of "you," "your," and "Facebook" to the extent they embrace persons or entities other than Facebook, Inc.

4.      Facebook objects to the definition of "BT" to the extent it embraces persons or entities other than British Telecommunications PLC.

6

1354442

5.      Facebook objects to Defendants' instructions, set forth in the section entitled
"INSTRUCTIONS," to the extent that any instruction would (a) create undue burden for
Facebook when propounding its responses and objections to the requests in the Subpoena; and/or
(b) impose obligations on Facebook that exceed, or are inconsistent with, the obligations
imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other
applicable law or order from this Court, or agreement among the parties.

## **PRODUCTION REQUESTS**

### **REQUEST NO. 1:**

All non-privileged documents and ESI relating to any discussions, communications, or
agreements you have had with BT over the past 8 years regarding actual or potential licensing or
enforcement of any patent or patents owned by BT.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Facebook incorporates its General Objections and its Objections to Definitions and
Instructions as if fully set forth herein.

Facebook objects to the request on the ground that Defendants can and should obtain
relevant information "relating to any discussions, communications, or agreements [Facebook]
ha[s] had with BT" from BT, which is the plaintiff in this action, and not from Facebook, which
is not a party.  It is a matter of well-settled law that a party should first obtain discovery from its
opponent before burdening a non-party.

Facebook objects to the request on the ground that it is overly broad, unduly burdensome,
and not reasonably calculated to lead to discovery of admissible evidence.  In seeking "[a]ll"
documents and ESI "relating to any discussions, communications, or agreements [Facebook]
ha[s] had with BT . . . regarding actual or potential licensing or enforcement of any patent or

7

patents owned by BT," and covering an eight-year time period, the request is vague, ambiguous, and overly broad.  Moreover, documents and ESI related "to any discussions, communications, or agreements that [Facebook] ha[s] had with BT" that may be in Facebook's possession, custody, or control are likely neither relevant to any issue, claim, or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and the burden of searching for and producing them is disproportionate to the purported need for the discovery, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery weighed against its likely benefit.

Facebook objects to this request to the extent it seeks confidential, proprietary, or trade secret information, or to the extent it seeks documents or information for any use other than litigating the parties' current claims and defenses.  Facebook will produce documents and information, if any, only pursuant to a protective order that protects such information's confidentiality and limits its use to claims and defenses between the parties to this action.

Facebook objects to this request to the extent that it seeks documents or information protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.

**REQUEST NO. 2:**

All non-privileged documents and ESI relating to any statements, summaries, assessments, analyses, reports, or opinions regarding the value of any patent or patents owned by BT, the value to you of a license to BT's patent(s), the amount of a royalty you would reasonably pay for

8

use of BT's patent(s), your potential infringement of BT's patent(s), and/or the invalidity and/or unenforceability of BT's patents(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

 Facebook incorporates its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

 Facebook objects to the request on the ground that Defendants can and should obtain any relevant information "relating to" the value of any BT patents or licenses for BT patents; the amount of a reasonably royalty for use of BT patents; and infringement, invalidity, or unenforceability of BT patents from BT, which is the plaintiff in this action, and not from Facebook, which is not a party.  It is a matter of well-settled law that a party should first obtain discovery from its opponent before burdening a non-party.

 Facebook objects to the request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.  In seeking "[a]ll" documents and ESI "relating to" multiple topics related to BT patents, without identifying the patents at issue, and without including any limitation as to time, the request is vague, ambiguous, and overly broad.  Moreover, documents and ESI related to Facebook's assessment of BT patents that may be in Facebook's possession, custody, or control are likely neither relevant to any issue, claim, or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and the burden of searching for and producing them is disproportionate to the purported need for the discovery, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery weighed against its likely benefit.

Facebook objects to this request to the extent it calls for a legal conclusion.

Facebook objects to this request to the extent it seeks confidential, proprietary, or trade secret information, or to the extent it seeks documents for any use other than litigating the parties' current claims and defenses.  Facebook will produce documents and information, if any, only pursuant to a protective order that protects such information's confidentiality and limits its use to claims and defenses between the parties to this action.

Facebook objects to this request to the extent that it seeks documents or information protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.

## DEPOSITION TOPICS

### TOPIC NO. 1:

Your discussions, communications, and agreements with BT over the past 8 years regarding actual or potential licensing or enforcement of any patent or patents owned by BT and the related documents and ESI produced in response to Production Request No. 1.

### RESPONSE TO TOPIC NO. 1:

Facebook incorporates its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Facebook objects to the topic on the ground that Defendants can and should obtain any relevant information relating to "discussions, communications, and agreements [Facebook] ha[s] had with BT" from BT, which is the plaintiff in this action, and not from Facebook, which is not a party.  It is a matter of well-settled law that a party should first obtain discovery from its opponent before burdening a non-party.

10

Facebook objects to the topic on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.  In seeking testimony on information related to "any discussions, communications, or agreements [Facebook] ha[s] had with BT . . . regarding actual or potential licensing or enforcement of any patent or patents owned by BT," and covering an eight-year time period; and testimony about any and all documents or ESI produced in response to Defendants' request number 1; the topic is vague, ambiguous, and overly broad.  Moreover, information related "to any discussions, communications, or agreements that [Facebook] ha[s] had with BT" and documents about such discussions, communications, or agreements that may be in Facebook's possession, custody, or control are likely neither relevant to any issue, claim, or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and the burden of searching for and producing them is disproportionate to the purported need for the discovery, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery weighed against its likely benefit.

Facebook objects to this topic to the extent it seeks confidential, proprietary, or trade secret information, or to the extent it seeks information for any use other than litigating the parties' current claims and defenses.  Facebook will produce information, if any, only pursuant to a protective order that protects such information's confidentiality and limits its use to claims and defenses between the parties to this action.

11

Facebook objects to this topic to the extent that it seeks information protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.

## TOPIC NO. 2:

Statements, summaries, assessments, analyses, reports, and opinions in your possession regarding the value of any patent or patents owned by BT, the value to you of a license to BT's patent(s), the amount of a royalty you would reasonably pay for use of BT's patent(s), your potential infringement of BT's patent(s), and/or the invalidity and/or unenforceability of BT's patent(s), and the related documents and ESI produced in response to Production Request No. 2.

## RESPONSE TO TOPIC NO. 2:

Facebook incorporates its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Facebook objects to the topic on the ground that Defendants can and should obtain any relevant information relating to "regarding" the value of any BT patents or licenses for BT patents; the amount of a reasonable royalty for use of BT patents; and infringement, invalidity, or unenforceability of BT patents from BT, which is the plaintiff in this action, and not from Facebook, which is not a party.  It is a matter of well-settled law that a party should first obtain discovery from its opponent before burdening a non-party.

Facebook objects to the topic on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.  In seeking testimony on information related to multiple topics related to BT patents, and without identifying the patents at issue, the topic is vague, ambiguous, and overly broad.  Moreover, documents related to Facebook's assessment of BT patents that may be in Facebook's possession, custody, or

12

control are likely neither relevant to any issue, claim, or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and the burden of searching for and producing them is disproportionate to the purported need for the discovery, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery weighed against its likely benefit.

Facebook objects to this topic to the extent it calls for a legal conclusion.

Facebook objects to this topic to the extent it seeks confidential, proprietary, or trade secret information, or to the extent it seeks information for any use other than litigating the parties' current claims and defenses.  Facebook will produce information, if any, only pursuant to a protective order that protects such information's confidentiality and limits its use to claims and defenses between the parties to this action.

Facebook objects to this topic to the extent that it seeks information protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.

**TOPIC NO. 3:**

Authentication of the documents and ESI produced in response to Production Request Nos. 1 and 2.

**RESPONSE TO TOPIC NO. 3:**

Facebook incorporates its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.  Further, Facebook incorporates its objections to the document requests that this deposition topic relates to.  As discussed above, IAC should obtain

any relevant documents and information—and authentication of those documents and information—from BT, the plaintiff in this action, and not from Facebook.

Facebook objects to this topic on the ground to the extent that preparing a witness to authenticate documents produced in response to the Subpoena, if any, would be unduly burdensome.

KEKER, VAN NEST & PETERS LLP

By:  */s/ Jay Rapaport*
David Silbert
Jay Rapaport
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400
dsilbert@keker.com
jrapaport@keker.com

Dated: November 5, 2019

*Attorneys for Non-Party Facebook, Inc.*

14

1354442

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, this document was served on the persons

listed below in the manner indicated

| | |
|---|---|
| Fred, Grasso<br>GRASSO, PLLC<br>1818 Library Street, Suite 500<br>Reston, VA 20190<br>Tel: (571) 222 6522<br>fgrasso@grassoip.com | *Counsel for Defendants*<br>*IAC/InterActiveCorp, Match Group,*<br>*Inc, and Match Group, LLC*<br><br>**BY U.S. MAIL and EMAIL** |

Robert L. Hails
T. Cy Walker
BAKER &HOSTETLER LLP                          **BY EMAIL**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403
rhails@bakerlaw.com
cwalker@bakerlaw.com

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 North Market Street
P.O. Box 1347                                  **BY EMAIL**
Wilmington, DE 19899
Tel.: (302) 658-9200
jblumenfeld@mnat.com


KEKER, VAN NEST & PETERS LLP


By:   */s/ Jay Rapaport*
      David Silbert
      Jay Rapaport
      KEKER, VAN NEST & PETERS LLP
      633 Battery Street
      San Francisco, CA 94111-1809
      (415) 391-5400
      dsilbert@keker.com
      jrapaport@keker.com

Dated: November 5, 2019

      *Attorneys for Non-Party Facebook, Inc.*

15